Richard Shupe, Pro Se
3657 S Double Echo Rd.
Tucson, AZ 85735
mmm9088@gmail.com

**UNITED STATES DISTRICT COURT**
PIMA COUNTY ARIZONA

Richard Shupe
    Plaintiff

v.

Walgreen Co.
    Defendant

Case No. cv-17-_____  (CV 17-0113 TUC JAS)

**COMPLAINT FOR VIOLATIONS OF:**
**47 U.S.C. 227**
**47 C.F.R. 64.1200**
**INVASION OF PRIVACY**
**NEGLIGENCE**

**JURY TRIAL DEMANDED**

---

**Comes** now the Plaintiff in the above entitled action and herein brings this complaint.

**PARTIES**

The Plaintiff is a natural person whom resides in Pima County Arizona. The Defendant is a drug store chain, whose principle place of business is in Deerfield IL.

**JURISDICTION**

This court has jurisdiction pursuant to 28 U.S.C. 1332 (Diversity); 28 U.S.C. 1331 (Subject Matter). This court has supplemental jurisdiction to hear the Arizona state law claims for: Invasion of Privacy; and Negligence.

1

## STATEMENT OF CLAIMS

The Plaintiffs action arises from the willful and knowing violations of the Telephone Communications Protection Act, hereinafter named the TCPA. The Defendant, absence consent, called a pre-paid cellular telephone belonging to the Plaintiff, over 28 times in direct violations of the TCPA; 47 C.F.R. 64.1200.

The Defendants actions were negligent, and an invasion of the Plaintiffs privacy.

## HISTORY

In the year 1999, the spouse of the Plaintiff sought out the Defendant to fill her monthly medical prescriptions. Upon Mrs. Shupe's first visit to the Defendants drug store located at 12th and Ajo here in Tucson, Mrs. Shupe was ask by the agent of the Defendant for a telephone number. Mrs. Shupe, not wanting to be bothered by annoying calls, told the agent she rather not give her telephone number. The agent of the Defendant then assured Mrs. Shupe that said number was only used to verify the person who picks up the prescriptions. Mrs. Shupe then gave the agent of the Defendant a number, but instructed the agent that she was not be called or disturbed, for any reason at that number.

In mid 2015 through Dec of 2016, the Plaintiff began receiving phone calls from the Defendant. The calls were to notify Mrs. Shupe that her prescription was ready for pickup. Each call was then follow by another call from the Defendant of which was a "survey" call. The Plaintiffs prepaid cell phone whose number ends in 6400 was call in excess of 28 times. The calls originated from the Defendants business locations at 12th and Ajo; 6805 S Cardinal Ave; and 525 W Valencia, here in Tucson, AZ.

2

1   After receiving the first call, the Plaintiff called the Defendant and
2   requested not to be called; that this was not Mrs. Shupe number; that said
3   number was on the National Do-Not-Call-Registry, hereinafter named the
4   DNCR; that Mrs. Shupe was disabled as they should know from her RX's and
5   that said calls would cause her physical distress; that they must immediately
6   cease and desist calling said number; and that the Plaintiff was being charged
7   time on his phone from the calls.
8   The Plaintiffs demands fell upon deaf ears, the Defendant continued to
9   call the Plaintiffs cell phone number. The Plaintiff then wrote a letter of demand
10  stating the same request as above stated, but the Plaintiff's letter also fell upon
11  deaf ears.
12  On Jan. 4, 2017 the Plaintiff filed a complaint in the U.S. District Ct. The
13  complaint was dismissed without prejudice, due to "lack of cognizable legal
14  theory" id @ page 3, line 16. Dismissal came in Aug. of 2016.
15  The court abused its discretion, by its failure to give any difference to
16  Rules and Regulations of the Federal Communications Commission, hereinafter
17  named the FCC.  The Court miss cited (out of context) statutes, and the
18  Defendant, at no time gave proof of their consent to call the Plaintiff.
19  The Defendant did not plead, as an affirmative defense, that they were
20  exempted from the TCPA because the calls were safe harbored under HIPPA,
21  but they suggested same.  As a matter of law, the Defendant is libel for said
22  calls under each of the Counts brought forward by the Plaintiff.
23
24              **STATEMENTS OF FACT, IN SUPORT OF**
25              **THE CLAIMS SET OUT IN THIS COMPLAINT**
26                              **3**

a)  The Plaintiff owns a cellular phone whose service provider is TracFone.

b)  Said cellular phones number ends in 6400.

c)  Said phone number was placed on the DNCR years prior to the calls received by the Defendant.

e)  At no time, has the Plaintiff given the Defendant his cell phone number.

f)  At no time has the Plaintiff given his "expressed written" consent to be call by the Defendant.

g)  Mrs. Shupe gave a number to the agent of the Defendant, but with instruction that said number was not to be called for any purpose.

h)  The agent of the Defendant promised Mrs. Shupe that said number would not be used except for verification purposes of the person picking up the RX.

i)  The calls from the Defendant came from three different business locations of the Defendant here in Tucson, AZ.

j)  The Defendant caused physical distress to both the Plaintiff and to Mrs. Shupe.

k)  The Defendant violated 47 U.S.C. 227; and 47 C.F.R. 64.1200, by making said calls to the Plaintiff.

l)  The Defendant negligently invaded the privacy of the Plaintiff.

## COUNT I

## VIOLATION OF 47 U.S.C. 227

The Plaintiff, by reference herein incorporates all of the paragraphs of this complaint as though fully stated herein.

In response to millions of consumer complaints in 1991 the Congress enacted the TCPA. The Congress vested over site of the TCPA to the FCC. The Act gives the FCC powers to prescribe regulations and rules to implement the

4

1  TCPA. see 47 U.S.C. 227(b)(2); 227(c)(1); 227(c)(2). The Act gives the FCC powers
2  to exempt certain types of calls, 227(b)(2)(B); 227(b)(2)C), and to enforce the
3  provisions of the TCPA, and its accompanying regulations. see e.g.22 FCC Rcd.
4  19396 (Nov. 2007); 20 FCC Rcd. 18272 (Nov.2005). The FCC also has interpretive
5  authority over the TCPA. see Satilite LLC, 630 F.3d, 459,466-67( 6th Cir.2010).
6      47 U.S.C. 227 states:
7      **"to make any call, (other than a call made for emergency proposes, or**
8      **calls made with the prior expressed consent of the called party), using**
9      **an automatic telephone dialing system or an artificial or pre-recorded**
10     **voice.....to any telephone number assigned to a cellular telephone**
11     **service, and for which the called party is charged for the call" 47 U.S.C.**
12     **227(b)(10(A)(iii)....**
13     Found in Regulations and Orders, specifically , 11 FCC 2008, the FCC
14     observed: <u>"We note this prohibition applies regardless of the content</u>
15     <u>of the call; and is not limited only to calls that constitute telephone</u>
16     <u>solicitations"</u> ; this is the current position of the FCC.
17
18     Found in the FCC Declaratory Ruling and Order, FCC15-77 CG Dkt.
19 No. 02-278 WC Dkt. No. 07-135, Adopted June 18, 2015, the FCC stated again
20 that "consent" must come from the called party, the person who subscribes to
21 the telephone number. also see: Soppet v. Enhanced Recovery, 679, F.3d, 970
22 (9th Cir.).
23     The TCPA is content neutral. see Moser v. FCC, 46, F.3d, 970 (9th Cir.);
24 47 U.S.C. 227(b)(1)(A)(iii).
25     The Defendant, <u>absence any consent</u>, made 28 calls to the Plaintiffs pre-
26 paid cell phone, using an automatic telephone dialing system, hereinafter named
27 ATDS, leaving a pre-recorded message.
28

1   Clearly and unambiguously, the FCC has ruled that any calls, regardless of
2   the content of the calls, to a cellular phone that is charged for said call, <u>must have</u>
3   <u>consent to call.</u> This means that consent must be in writing. There are no
4   exceptions to this law. The FCC is not vested with the authority to grant
5   exceptions of consent, under said circumstances. Consent must come from the
6   party who subscribes to the cellular telephone service. see Grant v. Capital Mgnt.
7   Servs. LP 2011; U.S. App. Lexis 18366 (9th Cir.)
8   In addition, consent may be revoked at any time by any reasonable means.
9   Pursuant to common law, and the FCC Orders, the burden of proving consent falls
10  upon the shoulders of the caller. see Robins v. Coca Cola Co. Mp, 13 cv-132,
11  WL2252646 at *2 (S.D. Cal May 2013).
12  Simply put, the Defendant did not have consent to call the Plaintiffs
13  telephone, and absence consent, the Defendant is libel under the TCPA.

14  **COUNT II**

15  **VIOLATION OF 47 C.F.R. 64.1200 (DELIVERY RESTRICTIONS)**

16  The Plaintiff, herein incorporates by reference all of the paragraphs of this
17  complaint as though fully stated herein.
18  Absence consent, the Defendant purposefully, willfully and knowingly
19  called the Plaintiffs cellular telephone whose number was listed on the DNCR in
20  direct violation of 47 C.F.R. 64.1200. The Defendant used an ATDS leaving a
21  pre-recorded message.

22  **COUNT III**

23  **INVASION OF PRIVACY, INTRUSION UPON SECLUSION**

24  The Plaintiff, herein by reference incorporates all of the paragraphs of this
25                                      6

1  complaint as though fully stated herein.

2  Arizona recognizes the tort of Invasion of Privacy pursuant to the
3  Restatement of Torts, Second. The Plaintiff justifiability, has an expectation of
4  privacy while within the confines of his home. By itself, the TCPA is held by the
5  District Courts to be an invasion of privacy statute.

6  The Defendant, absence consent of any nature, purposefully, willfully, and
7  knowingly invaded the privacy of the Plaintiff causing severe emotional distress to
8  both the Plaintiff and to his disabled spouse.

9  **COUNT IV**

10  **NEGLIGENCE**

11  The Plaintiff, by reference herein incorporates all of the paragraphs of this
12  complaint as though fully stated herein.

13  The Defendant has a legal duty under 47 U.S.C. 227, of which the Plaintiff is
14  apart of the group that the TCPA is intended to protect, to properly train its
15  personnel in regards to the TCPA, and the Rules and Regulations of the FCC.

16  As a result of the Defendants negligence in the absence of proper training,
17  the Defendant directly caused damages to the Plaintiff as above cited.

18

19  **PRAYER FOR RELIEF**

20  **COUNT I: VIOLATION OF THE TCPA**

21  There is no justification for the Defendants willful and knowing violations of
22  the TCPA. Statutory damages set forth by said statute allows for damages of
23  $500.00 per call. The statute set forth damages for calls made willfully or
24  knowingly at $1,500.00 per call. The calls made by the Plaintiff cause both

25

1  physical and emotional distress to the Plaintiff in the form of anger, physical
2  upset, headaches, and other negative emotions. The Plaintiff seeks $1,500.00 per
3  call for damages under this Count.
4  **COUNT II: VIOLATION OF 47 C.F.R. 64.1200**
5      No excuse can be given by the Defendant for violations under this count.
6  The Defendant was twice informed of their unlawful actions by the Plaintiff. The
7  Defendant caused both physical and emotional distress to the Plaintiff in the form
8  of anger, physical upset, headaches, and other negative emotions. The Plaintiff
9  seeks $1,500.00 per call under this Count.
10 **COUNT III: INVASION OF PRIVACY, INTRUSION UPON SECLUSION**
11     There exist no exceptions or justifications for the Defendants purposeful
12 and deliberate invasion of privacy into the Plaintiffs life, and personal sphere. The
13 defendant caused physical damages to the Plaintiff's spouse who is disabled;
14 physical and emotions distress to the Plaintiff in the form of anger, headaches,
15 stomach upset, and other negative emotions. Plaintiff seeks damages only caused
16 to himself.  Plaintiff seeks compensatory damages in an amount of three times
17 the amount awarded in this complaint under Counts I,II, and III . Plaintiff seeks
18 punitive damages in an amount that of five times the award granted under
19 Counts I, II, III, and the compensatory damages under Count IV.
20 **COUNT IV: NEGLIGENCE**
21     The Defendant purposefully failed to properly train its personnel to prevent
22 actions as found in this complaint from happening. The Plaintiffs seeks damages
23 under this Count to be determined at the time of trail.
24
25                                 8

**IN ADDITION:**

The Plaintiff seeks reasonable attorney fees.

The Plaintiff seeks all cost to bring this action.

The Plaintiff seeks pre-judgment interest from the date of the original action filed by the Plaintiff at 12%.

The Plaintiff seeks other monies that may be deemed appropriate by the Jury.

**PLAINTIFF DEMANDS TRIAL BY JURY**

Respectively submitted this ____ day of March, 2017.

_____
Richard Shupe

9