Douglas R. Cullins, Bar #022402
Kenneth L. Moskow, Bar #029839
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 651-7509
dcullins@jshfirm.com
kmoskow@jshfirm.com

Attorneys for Defendant Walgreen Arizona
Drug Co.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Shupe, | NO. CV17-0113TUCJAS |
| Plaintiff, | **MOTION TO DISMISS** |
| v. | **(Oral Argument Requested)** |
| Walgreen Co., | |
| Defendant. | |

Defendant Walgreen Arizona Drug Co.[1] ("Walgreen"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves the Court to dismiss Plaintiff's Complaint. Plaintiff's Complaint fails to state a claim upon which relief can be granted because all claims therein are barred by the doctrines of res judicata and claim preclusion.

As demonstrated by the following Memorandum of Points and Authorities, Plaintiff already raised or could have raised the claims contained in his current Complaint in his previously dismissed action against this same Defendant in this same Court. Plaintiff appealed his previously dismissed action to the Ninth Circuit Court of Appeals, which dismissed Plaintiff's appeal for failure to perfect his appeal as prescribed by the Federal Rules of Appellate Procedure. To the extent Plaintiff sought review of the

---

[1] Improperly named as "Walgreen Co."

5769324.1

Court's dismissal of Plaintiff's previous Complaint, Plaintiff should have perfected his appeal as it was his only remedy.  The doctrines of res judicata and claim preclusion apply and bar Plaintiff's current Complaint, which should accordingly be dismissed.[2]

This Motion is supported by the following Memorandum of Points and Authorities, the Court record in this and Plaintiff's previous case, and any oral argument heard on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   RELEVANT FACTUAL BACKGROUND

Plaintiff previously brought suit against Walgreen on January 4, 2016.  (*See* CV16-0001-TUC-DCB, Doc. 1, attached for convenience as **Exhibit 1**).[3]  There, Plaintiff alleged that Walgreen called his prepaid cellular phone number, ending in 6400, fourteen times and left pre-recorded messages.  (*Id.*).  Plaintiff alleged that, "in part," these messages invited Plaintiff to participate in a survey.  Based on these allegations, Plaintiff brought four claims: (1) violation of 47 U.S.C. 227 (Telephone Communications [sic] Protection Act); (2) violation of [47 C.F.R. §] 64.1200(c)(2); (3) negligence; and (4) [violation of] A.R.S.[§] 44-1282 (i.e.: Arizona's Intrastate Telemarketing Statute).  (*Id.*).

In response to Plaintiff's previous Complaint, Walgreen filed a Motion to Dismiss.  (CV16-0001-TUC-DCB, Doc. 4, attached for convenience as **Exhibit 2**).  In its Motion, Walgreen argued that Plaintiff's previous Complaint failed to "plausibly suggest an entitlement to relief such that it is not unfair to require [Walgreen] to be subjected to the expense of discovery and litigation."  (*Id.*).  Walgreen's Motion to Dismiss was fully briefed.  (CV16-0001-TUC-DCB, Docs. 8 & 9, attached for convenience respectively as **Exhibit 3** and **Exhibit 4**).  However, after Walgreen's Motion to Dismiss was fully briefed, but before the Court issued a ruling, Plaintiff filed a Motion to Amend his

---

[2] Walgreen does not waive any affirmative defense by filing this Motion to Dismiss.  Out of an abundance of caution, Walgreen asserts all the defenses set forth in Rules 8(c) and 12(b), Fed. R. Civ. P.

[3] The Court may take judicial notice of all exhibits to this Motion pursuant to Rule 201, Fed. R. Evid., and Walgreen requests that the Court take such notice pursuant to Rule 201(c)(2).

Complaint for the sole purpose of curing the Complaint's deficiencies. (CV16-0001-TUC-DCB, Doc. 12, attached for convenience as **Exhibit 5**). Along with his Motion to Amend Complaint, Plaintiff filed a proposed Amended Complaint. (CV16-0001-TUC-DCB, Pl.'s Proposed Am. Compl., attached for convenience as **Exhibit 6**).

Plaintiff's proposed Amended Complaint reflected his attempt to allege sufficient allegations of underlying facts required for proper pleading. (Exhibit 5; Exhibit 6). Plaintiff's proposed Amended Complaint asserted that Walgreen violated the TCPA when it allegedly called Plaintiff's pre-paid cellular phone twenty-eight times using an automated telephone dialing system, and left pre-recorded messages. (Exhibit 6 at 3:7-11). Plaintiff alleged that these twenty-eight calls consisted of fourteen two-part messages: (1) a recorded message informing Plaintiff that his wife's prescriptions were ready for pick-up at the subject Walgreen store; and (2) a request to participate in a survey. (*Id*. 3:13-25). Plaintiff alleged that the first message stated,

> Thanks for using Walgreens pharmacy located at the southwest corner of Cardinal and Valencia avenue in Tucson. Your prescription is ready to be picked up at the Walgreen's pharmacy located at the southwest corner of Cardnial [sic] and Valencia Ave. Again, thank you for using Walgreen's Pharmacy.

(*Id*. 6:19-27). Plaintiff alleged that the first message was followed by a second message, which said,

> [T]hank you for your recent call to Walgreens. We value your opinion and would like to ask you about the service you received for your recent call. Any feedback will help us to continue to improve our service to you. To begin in English[,] press one.

(*Id*. 6:29-7:7). Plaintiff further alleged that Walgreen "purposely, willfully and knowingly" violated 47 C.F.R. § 64.1200 by calling Plaintiff's cell phone number because the number was listed on the Do Not Call Registry. (*Id*. 7:27-31).

Walgreen filed a Response to Plaintiff's Motion to Amend Complaint, in which it argued, *inter alia*, that the facts alleged in Plaintiff's proposed Amended Complaint served as an admission that Plaintiff's claims could not satisfy Federal Rule of

1   Civil Procedure 11(b)(2) and should therefore be dismissed.  (CV16-0001-TUC-DCB,

2   Doc. 15, attached for convenience as **Exhibit 7**).  Plaintiff did not file a Reply.

3           On August 4, 2016, the Court issued its well-reasoned, 9-page decision

4   granting Walgreen's Motion to Dismiss Plaintiff's Complaint in its entirety and directing

5   the Clerk's Office to enter Judgment in Walgreen's favor in accordance with the Order.

6   (CV16-0001-TUC-DCB, Doc. 18, attached for convenience as **Exhibit 8**).  In its ruling,

7   the Court found that exceptions to TCPA restrictions applied to the alleged recorded

8   messages regarding the status of Plaintiff's (or his wife's) prescription(s) and to the

9   alleged messages regarding a survey.  (Exhibit 8 at 6:1-7:12).  The Court accordingly

10  dismissed Plaintiff's TCPA claims.  (*Id.*).  The Court dismissed the Arizona Intrastate

11  Telemarketer claim because the statute does not include a private right of action and also

12  because the TCPA did not preclude the alleged phone calls.  (*Id.* 7:21-8:10).  The Court

13  found Plaintiff's negligence claim "futile" and "meritless" because Plaintiff predicated the

14  alleged negligence on the TCPA and Arizona's Intrastate Telemarketing Statute, neither

15  of which constituted a valid claim against Walgreen.  (*Id.* 9:1-7).  The Clerk of Court

16  entered Judgment in Walgreen's favor.  CV16-0001-TUC-DCB, Doc. 19, attached for

17  convenience as **Exhibit 9**).

18          Plaintiff filed a Motion for Reconsideration a week later, on August 11,

19  2016.  (CV16-0001-TUC-DCB, Doc. 20, attached for convenience as **Exhibit 10**).  The

20  Court denied Plaintiff's Motion for Reconsideration, stating that "[t]he Court has once

21  more reviewed the complaint and lodged amended complaint to reach the original

22  conclusion: Plaintiff fails to state a claim upon which relief may be granted (based on the

23  facts as described by Plaintiff) and continuing to purse this action is a futile endeavor."

24  (CV16-0001-TUC-DCB, Doc. 21, attached for convenience as **Exhibit 11**).

25          Plaintiff subsequently filed a Notice of Appeal.  (CV16-0001-TUC-DCB,

26  Doc. 22, attached for convenience as **Exhibit 12**).  The Court of Appeals received

27  Plaintiff's Notice and issued a Time Schedule Order.  (CV16-0001-TUC-DCB, Doc. 23;

28  Doc. 24, attached for convenience as **Exhibit 13**).  Plaintiff failed to pay the required

1    docketing and filing fees; the Appellate Court issued on Order requiring Plaintiff to pay

2    these fees within 21 days.  (Case: 16-16828, Dkt. 2-1; Dkt. 2-2, attached for convenience

3    as **Exhibit 14**).  Plaintiff then filed a Motion to Extend Time to Pay Appeal Fee, in which

4    he requested an additional 21 days to pay his fees.  (Case: 16-16828, Dkt. 5, attached for

5    convenience as **Exhibit 15**).  The Appellate Court quickly granted Plaintiff's Motion and

6    gave Plaintiff an additional 21 days to pay his fees.  (Case: 16-16828, Dkt. 6, attached for

7    convenience as **Exhibit 16**).   Despite being given an additional six weeks beyond the

8    original deadline to pay his fees, Plaintiff failed to comply.  Consequently, the Appellate

9    Court dismissed Plaintiff's appeal for "failure to pay the docketing/filing fees in this

10   case." (Case: 16-16828, Dkt. 7, attached for convenience as **Exhibit 17**).

11             Plaintiff has now filed a new Complaint, grounded on the same alleged

12   operative facts as his previous Complaint and Amended Complaint, in which he alleges

13   four causes of action: (1) violation of 47 U.S.C. § 227 (TCPA); (2) violation of 47 C.F.R.

14   § 64.200; (3) invasion of privacy, intrusion upon seclusion; and (4) negligence.  (*See*

15   *generally* Doc. 1, on file in this matter).  Counts I and II are the exact same counts brought

16   in Plaintiff's previously dismissed complaint.  (*Compare* Doc. 1 *with* Exhibits 1 and 6).

17   Plaintiff's Count III invasion of privacy allegation is predicated on Plaintiff's Count I and

18   Count II TCPA allegations.  (Doc. 1).  Plaintiff's Count IV negligence claim is likewise

19   predicated on Plaintiff's TCPA claim, alleging that Walgreen failed "to properly train its

20   personnel in regards to the TCPA, and the Rules and Regulations of the FCC."  (*Id*.).

21             Counts I and II of Plaintiff's new Complaint were raised in his previous

22   Complaint.  These claims were dismissed by the Court, and adjudicated on the merits after

23   the Court's careful consideration.  Additionally, Plaintiff could have previously raised the

24   invasion of privacy claim contained in Count III and the negligence theory alleged in

25   Count IV of his new Complaint, but he failed to do so.

26   . . .

27   . . .

28   . . .

II.    **LEGAL POSITION**

    A.    **Res Judicata Bars Plaintiff Complaint In Its Entirety.**

Plaintiff's Complaint is barred by the doctrines of res judicata and claim preclusion. "The doctrine of claim preclusion (the here-relevant aspect of res judicata) prohibits 'successive litigation of the very same claim' by the same parties." *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016) (citation omitted). Not only does "'[t]he doctrine of *res judicata* provide[] that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action,' [it] 'is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdiction.'" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051-52 (9th Cir. 2005) (quoting *In re Schimmels,* 127 F.3d 875, 881 (9th Cir.1997)). "The doctrine of res judicata 'is motivated primarily by the interest in avoiding repetitive litigation, conserving judicial resources, and preventing the moral force of court judgments from being undermined.'" *Int'l Union of Operating Engineers-Employers Const. Indus. Pension, Welfare & Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (citation omitted). "For this reason, res judicata bars not only all claims that were actually litigated, but also all claims that 'could have been asserted' in the prior action." *Id*.; *see also Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002).

In the Ninth Circuit, courts apply a well-established res judicata test to determine whether a Plaintiff's present claims are barred. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). Res judicata applies when "the earlier suit: (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Id*. (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900 (9th Cir.2002)). The first element consists of whether a case shares a common nucleus of operative facts and weighs heaviest among the elements of res judicata and is "outcome determinative" in cases where, like here, the Plaintiff untimely alleges new legal theories that could have been raised in the first Complaint. *Mpoyo*, 430 F.3d at 988; *see also ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d

960, 968 (9th Cir. 2010) ("Reliance on the transactional nucleus element is especially appropriate because the element is 'outcome determinative.'").  "Whether two suits arise out of the 'same transactional nucleus' depends upon 'whether they are related to the same set of facts and *whether they could conveniently be tried together.*'"  *ProShipLine Inc.*, 609 F.3d at 968 (quoting *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992)) (emphasis in original).  "[United States] Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies."  *Stewart*, 297 F.3d at 956 (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3 (1981)).

Counts I and II of Plaintiff's current Complaint are identical to Counts I and II of his previous Complaint.  The Court dismissed these claims pursuant to Rule 12(b)(6), Fed. R. Civ. P., because the automated messages that Walgreen allegedly left on Plaintiff's cell phone voice mail were exceptions under the TCPA provided by 47 C.F.R. § 64.1200.  (*see* Exhibit 8 at 6:1-7:13).

Counts III and IV of Plaintiff's current Complaint differ from his previous Complaint; regardless, these Counts are barred by res judicata and claim preclusion.  Plaintiff's Count III – invasion of privacy (intrusion upon seclusion) – is based solely on Walgreen's alleged violation of the TCPA.  Plaintiff's invasion of privacy claim is barred for two reasons: (1) The Court already determined that the messages Walgreen allegedly left on Plaintiff's cell phone voice mail did not violate the TCPA; and (2) Plaintiff could have raised this claim in his previous Complaint.  *Mpoyo*, 430 F.3d at 988 *(quoting W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992), as amended (June 23, 1992)) ("Different theories supporting the same claim for relief must be brought in the initial action.").  Accordingly, Plaintiff's Count III invasion of privacy claim is barred.

Plaintiff's Count IV negligence claim in the current Complaint alleges Walgreen's failed to train it personnel regarding the TCPA.  In his previous Complaint, Plaintiff alleged negligence based on Walgreen's alleged violation of the TCPA.  This is a distinction without a difference.  Plaintiff's previous and current Complaints both allege

negligence premised on Walgreen's alleged failure to comply with the TCPA, an allegation which the Court previously found unsupportable.  Regardless, the legal theory underlying Plaintiff's Count IV negligence claim contained in his current Complaint could have been raised in his previous Complaint.  It is thus barred.  *Mpoyo*, 430 F.3d at 988.

As demonstrated, Plaintiff's previous suit and the current action involve the same 'claim' or cause of action because both actions share a common nucleus of operative facts and all Plaintiff's current claims were, or could have been, brought in his previous Complaint.  The Court dismissed Plaintiff's previous suit and dismissed Plaintiff's attempt to amend same, which constitutes a final judgment on the merits.  *Stewart*, 297 F.3d at 957 (citing *Federated*, 452 U.S. at 399 n. 3) ("[A] dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies.").  The parties to Plaintiff's previous and current Complaints are identical.  The doctrines of res judicata and claim preclusion apply and bar Plaintiff's current Complaint in its entirety.

Additionally, to the extent Plaintiff takes issue with the Court's dismissal of his previous Complaint, he had the opportunity to appeal the ruling, which was his only remedy.  Plaintiff was obviously aware of this remedy because he noticed his intent to appeal the Court's dismissal of his previous Complaint.  However, Plaintiff failed to perfect his appeal, even after the Appellate Court provided him an additional six weeks beyond the deadline to do so.  Plaintiff's current Complaint is barred by res judicata and claim preclusion.  Plaintiff's Complaint should be dismissed.

**B.    If the State Law Claims in Plaintiff's Current Complaint Survive, Dismissal is Still Required.**

All of Plaintiff's current claims are, as demonstrated above, barred by res judicata and claim preclusion.  In the event that the TCPA claims are dismissed, as they should be, and either or both of Plaintiff's state law claims survive, the Court must still dismiss this matter for lack of jurisdiction pursuant to Federal Rule of Civil Procedure

1    12(b)(1).[4]  *Parra v. PacifiCare of Arizona, Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *see*
2    *also* 28 U.S.C. § 1367(c)(3).

3           Additionally, and regardless of res judicata and claim preclusion, Plaintiff's
4    invasion of privacy claim (intrusion upon seclusion) should be dismissed on its face
5    pursuant to Rule 12(b)(6).   Arizona law applies a "stringent standard" to invasion of
6    privacy intrusion upon seclusion claims.  *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047,
7    1060 (9th Cir. 2007) (citing *Hart v. Seven Resorts, Inc.,* 190 Ariz. 272, 947 P.2d 846, 853
8    (App.1997)).  "One who intentionally intrudes, physically or otherwise, upon the solitude
9    or seclusion of another or his private affairs or concerns, is subject to liability to the other
10   for invasion of his privacy, ***if the intrusion would be highly offensive to a reasonable***
11   ***person***."  *Hart*, 190 Ariz. at 279, 947 P.2d at 853 (referencing Arizona's adoption of
12   Restatement (Second) of Torts § 652B (1977)) (emphasis added).   The Restatement
13   elaborates on the standard applied to an intrusion upon seclusion claim, as follows:

14                 There is likewise no liability unless the interference with the
                   plaintiff's seclusion is a ***substantial one, of a kind that would***
15                 ***be highly offensive to the ordinary reasonable man, as the***
                   ***result of conduct to which the reasonable man would***
16                 ***strongly object.***  Thus there is no liability for knocking at the
                   plaintiff's door, or calling him to the telephone on one
17                 occasion or even two or three, to demand payment of a debt.
                   ***It is only when the telephone calls are repeated with such***
18                 ***persistence and frequency as to amount to a course of***
                   ***hounding the plaintiff, that becomes a substantial burden to***
19                 ***his existence, that his privacy is invaded.***

20   Restatement (Second) of Torts § 652B, cmt. d (emphasis added); *see also Med. Lab.*
21   *Mgmt. Consultants v. Am. Broad. Companies, Inc.*, 306 F.3d 806, 812 (9th Cir. 2002)
22   (citing same in reference to an Arizona District Court case).

23           Here, Plaintiff alleges, as he did in his previously dismissed Complaint, that
24   Walgreen, from which Plaintiff continually chose to obtain his prescribed medications,

25

26   _____
           [4] Diversity jurisdiction cannot apply here.  Regardless of the amount in controversy the proper
27   Defendant is Walgreen Arizona Drug Co., an Arizona corporation doing business in Arizona.  Pursuant to
     Fed. R. Evid. 201, the Court may judicially notice this information, which is easily obtained on the
28   Arizona Corporate Commission website.  *See* http://ecorp.azcc.gov/Details/Corp?corpId= 00449518 (last
     checked on 04.15.17).

left messages on Plaintiff's voice mail informing him that his prescription medication was ready for pick-up, along with an offer to take a survey.  On its face, this allegation is not something that "would be highly offensive to a reasonable person," let alone a "substantial burden to Plaintiff's existence."  Not only does Plaintiff's invasion of privacy claim fail pursuant to the principles of res judicata, it also fails on its face pursuant to Rule 12(b)(6).

## III.   CONCLUSION

Every claim in Plaintiff's Complaint was raised, or could have been raised, in Plaintiff's previously dismissed Complaint.  The allegations in Plaintiff's current Complaint arise from the same nucleus of operative facts contained in his previously dismissed Complaint.  Plaintiff's previous Complaint was dismissed after the Court's careful consideration and pursuant to Rule 12(b)(6), which constitutes an adjudication on the merits.  The parties to Plaintiff's current Complaint are identical to the parties to Plaintiff's previously dismissed Complaint.  The doctrines of res judicata and claim preclusion therefore apply and bar Plaintiff's Complaint.  Accordingly, Walgreen respectfully requests the Court to dismiss Plaintiff's Complaint, in its entirety, with prejudice.

DATED this 18th day of April 2017.

JONES, SKELTON & HOCHULI, P.L.C.

By /s/Kenneth L. Moskow
Douglas R. Cullins
Kenneth L. Moskow
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Attorneys for Defendant Walgreen Arizona
Drug Co.

1

**CERTIFICATE OF SERVICE**

2          I hereby certify that on this 18th day of April 2017, I caused the foregoing

3  document to be filed electronically with the Clerk of Court through the CM/ECF System

4  for filing; and served on counsel of record via the Court's CM/ECF system.

5          I further certify that some of the participants in the case are not registered

6  CM/ECF users.  I have mailed the foregoing document to the following non-CM/ECF

7  participants:

8

9  Richard Shupe
   3657 South Double Echo Road
10 Tucson, Arizona 85735
   Plaintiff Pro Se
11

12

13 /s/Amy Ebanks

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5769324.1

11