IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Shupe, | No. CV-17-00113-TUC-JAS |
| Plaintiff, | **ORDER** |
| v. | |
| Walgreens Company, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss. (Doc. 5.) Based on the reasoning below, this motion is granted.[1]

***STANDARD FOR MOTION TO DISMISS***

Pursuant to Rule 12(b)(6), the court may grant a motion to dismiss when the plaintiff fails to state a claim upon which relief can be granted. A complaint must contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a).

The court must view the complaint in the light most favorable to the nonmoving

---

[1] Defendant's request for oral argument is denied, as oral argument would not be helpful to the Court.

party, with every doubt resolved on his behalf, and with that party's allegations taken as true. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). Generally, the court only considers the face of the complaint when deciding a motion under Rule 12(b)(6). *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). However, even if a document is not attached to the complaint, if it is a matter of public record or central to the claim, the court may consider the document without converting a Rule 12(b)(6) motion to a Rule 56 motion for summary judgment. *See e.g. Harris v. Cnty. Of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

## ***BACKGROUND***

Plaintiff's spouse utilized Defendant's pharmacy to fill prescriptions. She gave Plaintiff's pre-paid cellular number to Defendant with instructions to not call that number. This number was for identification purposes only. Beginning in 2015 and continuing until the end of 2016, Defendant called Plaintiff's number to inform him or his spouse that prescriptions were ready and to conduct a "survey" based on the services provided. In response, Plaintiff sent a cease and desist letter to Defendant. Plaintiff had previously placed his telephone number on the National Do Not Call Registry ("DNCR").

On January 4, 2016, Plaintiff filed a lawsuit that was assigned to the Honorable Judge David C. Bury regarding Defendant's actions. *Shupe v. Walgreens Co.*, No. 4:16-CV-00001-DCB (2016) (hereinafter "previous District Court case"). This suit consisted of four counts: "violation of 47 U.S.C. 227"; "violation of 64:1200(c)(2)"; "negligence"; and "A.R.S. 44-1281." (*Id.*) This lawsuit was based on the facts laid out above. On August 4, 2016, Judge Bury dismissed the previous District Court case for failure to state a claim, as the Defendant's alleged conduct would fall within an exception to the Telephone Communications Protection Act ("TCPA") and 47 C.F.R. § 64.1200, the Arizona state statute did not provide a private right of action, and Plaintiff failed to allege that Defendant owed him a duty not to call not that Defendant breached a duty of care to Plaintiff. (*Id.* at doc. 18.) On August 11, 2016, Plaintiff moved for reconsideration and

the Court denied Plaintiff's motion. (*Id.* at docs. 20, 21.) On October 6, 2016, Plaintiff appealed the dismissal. (*Id.* at doc. 22.) On December 19, 2016, the United States Court of Appeals for the Ninth Circuit dismissed Plaintiff's appeal for failure to prosecute. (*Id.* at doc. 30.)

On March 13, 2017, Plaintiff filed the current lawsuit with this Court. This litigation consists of four counts: "violation of 47 U.S.C. 227"; "violation of 47 C.F.R. 64.1200"; "invasion of privacy, intrusion upon seclusion"; and "negligence." (Doc. 1.) These claims are all based on the facts laid out above. Defendant moved to dismiss based on *res judicata* on April 18, 2017. (Doc. 5.) Plaintiff responded on May 15, 2017.[2] (Doc. 7.) Defendant replied on May 22, 2017. (Doc. 8.)

## *ANALYSIS*

*Res judicata* "prohibits 'successive litigation of the very same claim' by the same parties." *Whole Women's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001)). "Under *res judicata*, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). There are three elements that a defendant must prove for a valid *res judicata* defense: 1) that the claims are in identity with each other, 2) that the parties are either identical or in privity to the parties in a previous claim, and 3) that the previous claim was adjudicated on the merits. *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)).

Claim identity occurs when two suits arise from "the same transactional nucleus of facts." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001). "Newly articulated claims based on the same nucleus of facts may still be subject to a *res*

---

[2] Plaintiff has moved to supplement his response. (Doc. 10.) This motion is denied. While the Court will liberally construe pro se pleadings, it will not act as attorney or paralegal. *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez v. Smith*, 203 F.3d 1122, 1131, n.13 (9th Cir. 2000). Pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure and with Local Rules. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Plaintiff failed to do so and will not be permitted to file a supplement or sur-reply as it is unnecessary and unwarranted within this situation.

*judicata* finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Preservation Council v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003). Thus, *res judicata* prevents a clever attorney from simply changing the legal label of the suit and continuing to push forward with claims which should have or could have been presented in the prior suit but were not. *Id* at 1077.

The second element for a successful *res judicata* defense is that the parties in the new suit must be either identical to, or in privity with, the parties in the original suit. *Owens*, 244 F.3d at 713.

The third element for a *res judicata* defense is that the previous claim must have been adjudicated on the merits. "[A] dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits" to which *res judicata* applies.'" *Stewart*, 297 F.3d at 957 (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3 (1981)).

Here, the first element for a *res judicata* defense is met. The first two Counts in Plaintiff's Complaint were raised in the previous District Court case. (*Compare* doc. 1 *with* doc. 5-1[3] *and* doc. 5-6.[4]) Plaintiff's remaining Counts arise from "the same transactional nucleus of facts" as the previous District Court case. (*Compare* doc. 1 *with* doc. 5-1 *and* doc. 5-6.) All of the claims are based on Defendant contacting Plaintiff through his cellular telephone regarding his wife's prescriptions and a survey. Slightly altering or changing the legal label will not allow a litigant to evade *res judicata*.

The second element is also met as the parties in the previous District Court case and the parties in the current litigation are identical. (*Compare* doc. 1 *with* doc. 5-1 *and* doc. 5-6.)

Finally, the third element is met as the previous District Court case was dismissed for failure to state a claim. Dismissal for failure to state a claim is adjudication on the

---

[3] Defendant attached for convenience the original complaint from the previous District Court case, which is now found under the current case's docket under this document.

[4] Defendant attached for convenience the proposed amended complaint from the previous District Court case, which is now found under the current case's docket under this document.

merits for the purposes of *res judicata*. *Stewart*, 297 F.3d at 957. The third element is met.

In sum, the current counts are within the same nucleus of facts as Plaintiff's previous District Court case, the parties are identical, and the previous District Court case was adjudicated on the merits. Therefore, Plaintiff's claims must be precluded as *res judicata* provides a bar.

## **CONCLUSION**

Accordingly,

IT IS ORDERED that based on the above reasoning Defendant's Motion to Dismiss is granted.

IT IS ORDERED that the Clerk of the Court shall enter judgment in accordance with this motion and shall close this case.

Dated this 5th day of September, 2017.

_____
Honorable James A. Soto
United States District Judge